KATHLEEN BALES-LANGE, #094765
COUNTY COUNSEL OF THE COUNTY OF TULARE
JULIA C. LANGLEY, #161035, Deputy
2900 West Burrel
Visalia, CA 93291
Telephone: (559) 636-4950
Facsimile: (559) 737-4319

Attorneys for Defendants

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO A. GARCIA,<br><br>   Plaintiff,<br><br>   vs.<br><br>COUNTY OF TULARE, et al.<br><br>   Defendants. | Case No.: 1:08-cv-00940-AWI-SMS<br><br>STIPULATED PROTECTIVE ORDER RE: COUNTY OF TULARE POLICIES & PROCEDURES, TRAINING MATERIALS and STATUTORILY PROTECTED PEACE OFFICER PERSONNEL RECORDS |

   WHEREAS, the parties believe, in good faith, that the following documents subject to discovery requests, contain information that is or may be: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence: Tulare County Sheriff's Department Policies and Procedures and training material; and statutorily protected Tulare County Sheriff's Department peace officer personnel records.

   IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that documents may be designated as "Confidential" by the parties and produced subject to the following Protective Order:

   1.   The disclosed documents shall be used solely in connection with the civil case of Gustavo A. Garcia v. County of Tulare; Case Number 1:08-CV-00940-AWI-SMS (Eastern District of California) and in the preparation and trial of the case, or any related proceeding.  The

1

PDF created with pdfFactory trial version www.pdffactory.com

parties are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trials of the matters.

2.　　A party producing confidential documents and materials may designate those materials by affixing a mark labeling them as Confidential as set forth in paragraph 9.  If any Confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked Confidential as set forth in paragraph 6.

3.　　Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

　　a)　　Counsel for the parties;

　　b)　　Paralegals and/or legal assistants regularly employed by counsel for the parties, and stenographic deposition reporters or videographers retained in connection with this action.

　　c)　　Clerical and secretarial personnel regularly employed by counsel for the parties;

　　d)　　Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

　　e)　　Any expert, consultant or investigator retained in connection with this action;

　　f)　　The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

　　g)　　Any employee of COUNTY OF TULARE, described in paragraph 5 below; and

　　h)　　Outside litigation support services retained by counsel, to the extent necessary to assist such counsel in this litigation, limited to copy services and scanning services.

4.　　Prior to the disclosure of any Confidential information to any person identified in paragraph 3, sections (e), (f), (g), and (h) each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing or on the record that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person must also consent to be subject to the jurisdiction of the United States District Court,

PDF created with pdfFactory trial version www.pdffactory.com

Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Receiving counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The producing party may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that the receiving party, or an agent thereof, has breached the Stipulated Protective Order.

5. Nothing herein shall limit a party's ability to use Confidential information to examine or cross-examine witnesses who are current or former officers or employees who took part in or have knowledge relating of the creation and/or implementation of the confidential documents, including any witness designated under FRCP 30(b)(6) by THE COUNTY OF TULARE.

6. All documents or materials designated as Confidential pursuant to this Protective Order, and all papers or documents containing information or materials designated as Confidential, that are filed with the Court for any purpose, shall be filed and served under seal, pursuant to Local Rule 39-141.

7. The designation of information as Confidential, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

8. A party may apply to the Court for an order that information or materials labeled Confidential are not, in fact, confidential. Prior to so applying, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the Confidential designation. A party shall not be

PDF created with pdfFactory trial version www.pdffactory.com

obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

9. Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated Confidential:

    a) The receiving party's counsel shall not furnish, disclose, or otherwise divulge any information contained in the confidential documents to any individual other than those specifically authorized herein without further order of the Court or authorization from counsel for the producing party.

    b) Defendants shall produce documents and materials designated Confidential to plaintiff with a marking on each page labeled:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER

Gustavo A. Garcia v. County of Tulare, et al.

USDC, Eastern District, Case No. 1:08-CV-00940-AWI-SMS

Tulare County Counsel, Attorneys for Defendants"

    c) If any document or information designated as Confidential pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 9(b) of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10. Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

PDF created with pdfFactory trial version www.pdffactory.com

11.     Should any information designated as confidential be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly

   (a) inform counsel for the producing party of the recipient(s) and the circumstances of the unauthorized disclosure; and

   (b) use reasonable efforts to bind the recipient(s) to the terms of this Protective Order.

No information shall lose its Confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

12.     After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing Confidential information will remain Confidential, and if filed with the Court, shall remain under seal.  No later than 30 days following settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the Confidential documents shall destroy said documents.  Within 30 days of destruction of the Confidential documents, counsel for the receiving party shall provide counsel for the producing party with a declaration setting forth the number of copies that were made during the litigation, the number of copies destroyed at the end of litigation, the manner in which the documents were destroyed, and the date of destruction.  This declaration shall be signed under penalty of perjury by counsel for the receiving party.  The conclusion of this litigation means a termination of the case following trial or settlement.

13.     If any party appeals a jury verdict or order terminating the case, counsel for the receiving party shall retain possession of all Confidential documents pending final outcome of the appeal after which they shall be destroyed by the receiving party's counsel, pursuant to the terms set out in paragraph 12.

14.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this

5

PDF created with pdfFactory trial version www.pdffactory.com

Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

15. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

Dated: August 20, 2009           KATHLEEN BALES-LANGE
                                 Tulare County Counsel

                                 By /s/ Julia Langley
                                    Julia Langley
                                    Deputy County Counsel
                                    Attorneys for Defendants


Dated: August 20, 2009           JAMES C. HOLLAND

                                 By /s/ James C. Holland (as authorized 8/20/09)
                                    James C. Holland
                                    Attorney for Plaintiff

IT IS SO ORDERED.

DATED:   8/24/2009                  /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE

6

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com